UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:12-CV-350-BR

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| SHEILA FAIRCLOTH, | ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for default judgment.

Based on its overpayment of life insurance proceeds to defendant, the widow of a deceased federal employee who had life insurance under the Federal Employees' Group Life Insurance Act ("FEGLIA"), plaintiff asserts claims for (1) violation of FEGLIA, 5 U.S.C. §§ 8701-8716; (2) breach of contract; (3) unjust enrichment; and (4) conversion. Plaintiff seeks the amount of the overpayment, $102,700.19, costs, and attorneys' fees.

The Clerk entered default against defendant on 3 June 2013. (DE # 9.) Defendant's failure to answer the allegations contained in the complaint constitutes default, as well as admission of plaintiff's "well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Though a defendant may not challenge the sufficiency of the evidence presented to the court, he is "entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Id.; see also Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986). For that reason, this court must determine whether the allegations of fact in the complaint are sufficient to

state a claim for relief.  Weft, 630 F. Supp. At 1141.

As noted previously, plaintiff alleges several causes of action in its complaint to recover the excess FEGLI proceeds.  The court extends its analysis to the unjust enrichment claim.  Pursuant to North Carolina law,

> [i]n order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party.  The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances.  The benefit must not be gratuitous and it must be measurable.

Booe v. Shadrick, 322 N.C. 567, 570 (1988).

Plaintiff paid defendant $223,523.75 worth of FEGLI proceeds on or about 3 November 2011.  (Compl., DE # 1, ¶ 24.)  Plaintiff subsequently determined that it should have paid defendant $120,823.56, or $102,700.19 less than it did.  (Id., ¶ 27.)  Plaintiff notified defendant of the error in writing on or about 25 January 2012 and requested a reimbursement of $102,700.19.  (Id., ¶ 28.)  Defendant has failed to reimburse plaintiff the excess proceeds.  (Id.)  Based on these facts (admitted upon default), plaintiff has established (1) it conferred a benefit to defendant by paying her excess FEGLI proceeds; (2) the excess proceeds were not conferred officiously; (3) the excess proceeds were the product of mistake, and are not gratuitous; and (4) the excess proceeds are measurable, amounting to $102,700.19.  See Metropolitan Life Ins. Co., Inc. v. Brown, No. Civ.A. 97-2002, 1998 WL 1084680, at *4 (W.D. Pa. Dec. 1, 1998) (holding that plaintiff insurance company is entitled to recover overpayment of FEGLI funds, pursuant to Pennsylvania unjust enrichment law).

Plaintiff's motion for default judgement is ALLOWED.  It is hereby ORDERED, ADJUDGED, and DECREED that plaintiff Metropolitan Life Insurance Company have and

recover of defendant Sheila Faircloth the amount of $102,700.19.  The Clerk is DIRECTED to close this case.

This 31 July 2013.

W. Earl Britt

Senior U.S. District Judge

3